FILED

MAR 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARION BENJAMIN CARLSON and RON CARLSON, | No. 12-15964 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-00356-SI |
| v. | |
| CENTURY SURETY COMPANY, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| MARION BENJAMIN CARLSON and RON CARLSON, | No. 12-16153 |
| Plaintiffs - Appellees, | D.C. No. 3:11-cv-00356-SI |
| v. | |
| CENTURY SURETY COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 10, 2015
San Francisco, California

Before:  W. FLETCHER, DAVIS[**], and CHRISTEN, Circuit Judges.

Marion and Ron Carlson sued Century Surety Company's insured, Gold Mountain Investments dba Prudential California Realty, in state court, alleging claims based on a failed real estate transaction in which Gold Mountain represented the Carlsons.  Century Surety declined to defend Gold Mountain on the ground that Gold Mountain first received notice of the Carlsons' claim before the insurance policy incepted.  The Carlsons and Gold Mountain ultimately settled the underlying lawsuit.  Part of the settlement was Gold Mountain's agreement to allow a default judgment to be entered against it and to assign any rights it might have against Century Surety to the Carlsons.  The Carlsons agreed not to execute the default judgment against Gold Mountain.  After settling the underlying case, the Carlsons sued Century Surety in federal court for its failure to defend and indemnify Gold Mountain in the state court lawsuit.[1]

---

[**]     The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

[1]     Because the parties are familiar with the facts, we recount only an abbreviated version of them here.

The district court made several rulings in a series of summary judgment orders. The parties cross appeal, challenging each of these rulings. We conclude that the district court erred in its first ruling by granting summary judgment to the Carlsons on whether Century Surety had a duty to defend Gold Mountain in the underlying lawsuit. Because we also conclude that the district court correctly ruled that the Carlsons may not recover, we do not reach the parties' arguments concerning the court's other summary judgment rulings.

1.     The district court erred by granting summary judgment to the Carlsons on whether Century Surety had a duty to defend Gold Mountain in the underlying lawsuit. Under California law, whether an insurer owes a duty to defend is decided based on the facts known to the insurer at the inception of the lawsuit against the insured. *Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 499 (9th Cir. 1997) (citing *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993) (en banc)). To establish a duty to defend, an insured need only show there is a possibility the claim against it is covered. *Montrose*, 861 P.2d at 1161.

When it denied coverage here, Century Surety had in its possession Gold Mountain's file for the Carlsons. Among other things, the file contained a demand letter from the Carlsons and a proof of service attesting that the letter was mailed over five months before the policy inception date. The Carlsons speculate it is

possible the letter was received after the policy inception date, but "[a]n insured is not entitled to a defense just because one can imagine some additional facts which would create the potential for coverage." *Friedman Prof'l Mgmt. Co. v. Norcal Mut. Ins. Co.*, 15 Cal. Rptr. 3d 359, 372 (Ct. App. 2004). The Carlsons have not pointed to any affirmative evidence indicating that the letter was received by Gold Mountain more than five months after it was mailed. The insurance policy application and accompanying declaration, as well as the email from Gold Mountain's owner to Century Surety, at most demonstrate that the owner was unaware of the letter prior to the policy inception date; they are not evidence that the insured did not *in fact* receive the letter before the policy inception date. Because an insured "cannot manufacture a dispute on summary judgment, ipse dixit, by refusing to concede the truth of a fact without adducing some evidentiary support for its position," *Montrose*, 861 P.2d at 1161, the district court erred by granting summary judgment to the Carlsons on the duty to defend.

Century Surety did not cross move for summary judgment on the duty to defend. Therefore, remand for further proceedings would be required if the panel were to grant relief to Century Surety solely on this basis. Accordingly, we address whether the Carlsons would be entitled to recover from Century Surety if Century Surety had a duty to defend the underlying action.

4

**2.** The district court did not err by concluding the Carlsons would not be entitled to recover, even if Century Surety had a duty to defend. Reasonable jurors could only conclude that the settlement agreement between the Carlsons and Gold Mountain was fraudulent, and the resulting default judgment was unreasonable. *See Pruyn v. Agric. Ins. Co.*, 42 Cal. Rptr. 2d 295, 303 (Ct. App. 1995) (insurer that breached its duty to defend may be bound by settlement agreement between insured and third party claimant if settlement "is not unreasonable and is free from fraud or collusion"). The Carlsons argue that the rule set forth in *Pruyn* is inapplicable to this case because the settlement agreement here was followed by a default hearing. We disagree. *See id.* at 304 & n.16; *see also Amato v. Mercury Cas. Co.*, 61 Cal. Rptr. 2d 909, 918–19 (Ct. App. 1997); *Andrade v. Jennings*, 62 Cal. Rptr. 2d 787, 796–97 (Ct. App. 1997).[2] The state court transcript has apparently been lost, and the Carlsons made no showing in this action that the damages it claimed were reasonable.

In reaching this result, we are mindful of the uncontested and unique facts of this case. The underlying claim arose out of a 2006 failed residential real estate sale, in which the Carlsons were not paid a $1,000 earnest money deposit. After

---

[2] We also disagree that an insurer may challenge a default judgment only on the grounds of lack of jurisdiction or extrinsic fraud. *See Zander v. Cas. Ins. Co. of Cal.*, 66 Cal. Rptr. 561, 569–70 (Ct. App. 1968).

the Carlsons sued and Gold Mountain's owner agreed to enter into settlement discussions, the Carlsons filed a second amended complaint that dramatically increased the damages sought, from approximately $65,000 to nearly $3,000,000. The settlement agreement was contingent on Gold Mountain's owner and agent providing declarations deemed satisfactory by the Carlsons. Among other things, the declarations denied that the owner and agent received notice of the Carlsons' claim before the insurance policy incepted, despite compelling evidence to the contrary contained in Gold Mountain's own file. We agree with the district court that, under the facts of this case, no reasonable juror could reach any conclusion other than that the $3,334,834.61 default judgment was unreasonable, and the product of a fraudulent settlement agreement. Because California law does not provide for recovery when a plaintiff sues an insurance company based on an assignment of rights in a settlement agreement that is fraudulent, *see Bachman v. Independence Indem. Co.*, 297 P. 110, 116 (Cal. Dist. Ct. App. 1931), summary judgment in favor of Century Surety was proper.

Appeal No. 12-15964 is **AFFIRMED**. Appeal No. 12-16153 is **DISMISSED**.